HECTOR M. HITCHINGS, Respondent, *v.* THE ST. LOUIS, NEW ORLEANS AND OCEAN CANAL AND TRANSPORTATION COMPANY, Appellant, Impleaded with Others.

*Indorsement, by a corporation, of commercial paper — authority of the officer who indorses the corporate name — receipt, by the corporation, of the proceeds of a discount — evidence as to good faith in the acceptance of a note.*

*Semble,* that a resolution by the board of directors of a corporation, "that all the banking business for and in behalf of this company be and is hereby vested in the president, Gen. Peter J. Claassen, who is hereby authorized to sign all checks, drafts and monetary obligations of any kind against and for any bank deposits wheresoever made in the company's name," does not authorize indorsements of commercial paper by the president of the corporation in its behalf.

Where an officer of a corporation discounts a note made to the order of the corporation and the corporation receives the money therefor, he thereby becomes a *bona fide* holder of the note and can transfer it to anybody he sees fit.

Where, upon the trial of an action upon a promissory note, the good faith of the plaintiff in the acceptance of the note is challenged, he has a right to show the circumstances under which he took the note and the inquiries he made in regard to its regularity ; and where such inquiries were made of an officer of a corporation by which the note purported to have been indorsed, and which corporation is the defendant in the action, the declarations of such officer in response thereto are competent, as showing the *bona fides* of the plaintiff in the acceptance of the note, and when received for that purpose they are not open to the objection that they have been received as admissions made by the defendant.

APPEAL by the defendant, the St. Louis, New Orleans and Ocean Canal and Transportation Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 17th day of June, 1892, upon a verdict in favor of the plaintiff, rendered at the New York Circuit, and from an order entered on the 7th day of July, 1892, denying defendant's motion for a new trial upon the minutes.

*G. W. Green*, for the appellant.

*Hector M. Hitchings*, respondent in person.

Van Brunt, P. J.:

This action was brought upon a note made by John Stilwell & Co., to the order of the defendant company, which was indorsed by P. J. Claassen, the president of the defendant company in its name, and by James A. Simmons and P. J. Claassen individually, and by said Claassen transferred to the plaintiff on the 21st of March, 1890, before maturity. The answer was substantially a general denial.

It was claimed upon the trial by the defendant that the president of the defendant had no authority to indorse promissory notes for it. In support of such authority a resolution duly passed by the defendant's board of directors on the 2d of October, 1889, was offered in evidence, by which it was resolved : "That all the banking business for and in behalf of this company be and is hereby vested in the president, Gen. Peter J. Claassen, who is hereby authorized to sign all checks, drafts and monetary obligations of any kind against and for any bank deposits wheresoever made in the company's name." And also a resolution claimed to have been passed on the 30th of December, 1889, by which it was : "Resolved, that the making of certain notes by the president of this company in the name of the company through and to James A. Simmons, and also the indorsing by the president in the name of the company of certain notes through and to James A. Simmons be and they are hereby approved."

The plaintiff also examined said Claassen as a witness in his behalf, and Claassen testified that he gave a check to the canal company for the proceeds or near the proceeds of that note ; and again that he knew he gave the proceeds of that note to the canal company, and that after the discount of the promissory note by him he paid out the note to the plaintiff. The plaintiff also introduced in evidence the declarations made by Claassen to him at the time of the receipt of the note. The introduction of this testimony was duly objected to and the objection overruled and defendant duly excepted. The case having been submitted to the jury, and a verdict rendered for the plaintiff, and a motion made for a new

trial having been denied, from the judgment and order thereupon entered this appeal is taken.

It is probably true that the first resolution above referred to, did not authorize indorsements of commercial paper by the president of this corporation on its behalf, as it would seem that the authority given by that resolution was to sign checks, etc., against any bank deposits which might stand in the company's name ; and that this was the extent of the authority conferred by that resolution. It is also urged that the second resolution was no ratification of the indorsement already made because there was no legal meeting of the board. It is to be observed in passing that it is claimed by the counsel for the appellant that this resolution was allowed in evidence against the objection of the defendant that there was nothing to show a properly-called meeting. But we have examined the case in vain to find any such objection spread upon the record. At the time the resolutions were offered, it appeared that they were taken from the minute books of the corporation. It is true that a general objection was taken to their admission and the objection overruled and the resolutions were read. But the record also contains an admission by defendant's counsel, that if the witness who was then being examined stated that they were copies that they might go in ; and the witness thereupon testified that they were copies. Subsequently, upon the cross-examination of the witness producing the resolutions, it appeared that the second resolution was passed at what was called an impromptu meeting, three directors being in the office, and without any notice to the other two directors the resolution was passed. The weight to be given to that resolution was, therefore, a question which was to be determined during the progress of the trial. The defendant's counsel asked the court to charge the jury that a board of directors had no authority to pass a vote authorizing the use of corporate indorsements without notice to each member of the board after meeting at which such vote was passed. The court said, "That is the general rule, but you may take into consideration the course of dealing of a particular corporation. With that qualification I charge the proposition." To which statement of the law the defendant took no exception. There seems, therefore, to have been no errors committed upon the

part of the court, either in the admission of the resolution in question, or in the submission of the question to the jury, which are raised by any exception .taken by the counsel for the defendant. There is also in the case positive evidence of the president of this corporation that he discounted the note, and that the corporation received the money therefor, which, if the jury believed, made the president a *bona fide* holder of the note and he could transfer it to anybody to whom he might see fit.

In connection with this testimony a certain check drawn by the witness on Keene & Co. was shown to him. He testified that he could not say positively that that was the check he gave for the note, but it looked to him that it was a check he gave on account of the proceeds of the note; whereupon said check was offered in evidence without objection. Subsequently the plaintiff's counsel offered some other checks drawn by Claassen on Keene & Co. to the order of one Bailey, the treasurer of the defendant, which were objected to as not being properly proved — that they simply showed that they were checks drawn by Claassen on Keene & Co., and had no connection with the transaction in issue; which objection was overruled, and at a subsequent stage of the case after additional testimony had been taken, the checks were put in evidence without objection.

The only point which is now presented by the appellant is that the check which Claassen thought he might have used with which to discount the note bears no official stamp or evidence of cancellation, nor was there any evidence to show that it had ever been paid, and, therefore, it was error to admit it in evidence. But as already seen no such objection was taken at the time the check was offered in evidence, it being read without objections.

As to the other checks, they seem to a considerable extent to have contradicted the testimony of Bailey given upon the stand in reference to his connection with the various transactions, and, therefore, somewhat affected his testimony in reference to his contradiction of the evidence of Claassen that he had paid to the corporation the money upon the discount of the note in question.

The only other objection which it seems necessary to notice is the claim that it was error to admit the declarations of Claassen made long after the alleged indorsement as admissions against the defend-

ant. We do not understand that such declarations were received as admissions against the defendant. The good faith of the plaintiff in the acceptance of the note was challenged upon the trial, and he had a right to show the circumstances under which he had taken the note, and the inquiries he made in regard to its regularity. And these inquiries made of the president of the defendant were cer-tainly competent, if not as admissions upon the part of the defendant, as showing the *bona fides* of the plaintiff in the acceptance of the note.

The questions involved were submitted by the court to the jury without exception upon the part of the defendant, and we see no reason for disturbing the verdict rendered by the jury.

The judgment and order appealed from should be affirmed, with costs.

O'Brien and Follett, JJ., concurred.

Judgment and order affirmed, with costs.